WILLIAM H. GULLIVER, Special Administrator, in Equity,

*vs.*

WILLARD STROUT, et al.

Cumberland County. Decided December 18, 1915. This is a bill in equity involving the title to certain real estate and an accounting for certain personal property. The determination of these questions depended upon the inquiry whether the defendant, Willard W. Strout, was acting as agent for Mary J. Frazir, the plaintiff's decedent, in the acquisition of the real estate and the management thereof, or in his own behalf.

These questions were fully heard by Charles A. Strout, as special master, who found in favor of the plaintiff.

The defendant, Strout, excepted to the finding of fact, marked in the report, "Finding I" and "Finding II," because they were not warranted by the evidence and were contrary to law; and to Finding V because it was predicated on I and II as to Strout's agency and was not authorized by the evidence and the law applicable thereto.

The cause was then heard on the exceptions by the Chief Justice, who after an exhaustive examination of the evidence sustained the findings of the special master, in regard to the Strout matters and ordered that his report be accepted, and decreed accordingly. From this decree, the defendant Strout appealed. The special master also in his report allowed the defendant Kerr, upon certain promissory notes, which were due him, interest upon interest, or compound interest, to which finding the plaintiff excepted, and the

sitting Justice sustained this exceptions, to which an appeal was taken but not prosecuted.

Accordingly, the only question now before the Law Court is whether Strout's appeal shall be sustained or denied.

A careful examination of the whole matter leads us to the ready conclusion that the decree of the sitting Justice is well founded upon both the law and the evidence and must be sustained. Appeal denied with costs. *Woodman & Whitehouse,* for plaintiff. *Augustus F. Moulton, and Charles E. Gurney,* for respondent Strout. *John C. Warren,* for respondent Kerr.

Memorandum. The sitting Justices at the Portland Law Term, 1915, were disqualified to sit upon this case, except Justices Spear, King and Hanson; and by agreement of counsel, the case was argued before and submitted to the decision of the above three parties.